IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VIDHI, LLC dba<br>CLARION INN MICHIGAN CITY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:18 cv 451-JD-MGG |
| | ) |
| ARCH SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Vidhi, LLC, dba Clarion Inn Michigan City, by counsel, Kevin W. Marshall, states for its Amended Complaint under the Court's Order of August 16, 2018 directing Plaintiff to file an amended complaint incorporating the citizenship of the parties, including the domicile of each of Plaintiff's members and Defendant's state of incorporation and principal place of business consistent with Defendant's judicial admission:

### JURISDICTION

1.    Jurisdiction in this District is appropriate under diversity of citizenship. 28 U.S.C. § 1332.

2.    The amount in controversy satisfies the requirements for diversity jurisdiction, and exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, as there is a dispute over the amount of the loss after a June 17, 2016 fire.

3.    Venue in this District is appropriate under 28 U.S.C. § 1391 (b)(2) since a substantial part of the events giving rise to the claim occurred in this judicial district and

a substantial part of property that is the subject of the action is situated in this judicial district.

4.    Plaintiff Vidhi, LLC is an Indiana Limited Liability Company with two members, Rajesh Patel and Bharat N. Patel.

5.    Vidhi, LLC member, Rajesh Patel, is a resident of Allen County, Indiana and a citizen of Indiana.

6.    Vidhi, LLC member Bharat N. Patel, is a resident of Wayne County, Michigan and a citizen of Michigan.

7.    By judicial admission, Arch Specialty Insurance Company ("Arch") is a Missouri corporation, its principal place of business is in New Jersey.

COUNT I – BREACH OF CONTRACT

8.    Arch Specialty Insurance ("Arch") was and is an insurance company doing business throughout the State of Indiana and subject to the regulations and Requirements by Indiana State Law.

9.    Before June 17, 2016, Arch insured Vidhi, LLC dba Clarion Inn Michigan City (Clarion Inn) under a binding insurance policy Number WHPRP0005700. A copy of the policy is attached as Plaintiff's Exhibit 1.

10.    Arch insurance policy provided insurance coverage for losses by Clarion Inn at 5820 Franklin Street, Michigan City, IN.

11.    The policy was in force when, on or about June 17, 2016, Clarion Inn was severely damaged by fire, smoke, and water, making Clarion Inn uninhabitable.

12.    Arch breached its Clarion Inn policy in failing and refusing to honor the policy after the fire.  The breaches include:

    a.    Failing to promptly and reasonably inspect and determine the loss;

2

b.   Failing to cooperate in the appraisal process called for by the policy after paying an amount Clarion disagrees is enough to repair Clarion Inn within the terms of the Arch policy for building, contents, and loss of use;

c.   Failing to honor the policy in promptly and efficiently resolving the claim;

d.   Paying an amount so low Clarion Inn lost its Clarion Inn flag, and can no longer use Clarion Inn as its moniker until Clarion Inn is repaired and requalifies;

e.   Failing to pay sufficient loss of use that continues today and future;

g.   Other acts throughout the claim process that fail to assist Clarion Inn in this first party claim, but instead harm Clarion Inn.

13.   As a direct and proximate result of Arch's breach of contract, Clarion Inn suffers damages, including not enough claim payment to rebuild, causing a delay in rebuilding so even two years after the loss, Clarion Inn remains unrentable, the inability to Clarion Inn to remain Clarion Inn since the delayed repair caused Clarion Inn to lose its flag, resulting in severe Clarion Inn losses associated with the delay in rebuilding.

14.   As a further direct and proximate result of Arch's breach, providing insufficient money to rebuild, Clarion Inn suffered losses including a complete loss of real and personal property in contents, building and building fixtures related to Defendant's breach of contract, and ongoing and permanent loss of rent.

15.   Clarion Inn has incurred attorney fees, costs, and expenses in the claim.

WHEREFORE, Clarion Inn requests judgment against Defendant for reasonable compensatory damages, interest, costs, and attorney fees to the extent the contract and

law allows, and all other just and proper relief.

## COUNT II – CONSEQUENTIAL DAMAGES

16.     Plaintiff, Clarion Inn, by counsel, Kevin W. Marshall, for their consequential damages claim, incorporate all paragraphs already alleged.

17.     Indiana law requires Arch to deal fairly with Clarion Inn in its claim.

18.     Arch failed to deal fairly in Clarion Inn's claim, resulting in consequential damages under Indiana law, including damages caused by Arch's delay in paying fair amounts due under Arch's insurance policy.

19.     From the fire date, Arch failed to deal fairly in effectuating the policy.

20.     In failing to maintain good faith, Arch performed these acts:

  a.     Inadequately investigated the loss after it had occurred;

  b.     Unreasonably delayed the claim to Clarion Inn's detriment;

  c.     Unreasonably discounted Arch's own loss estimates to pay an unacceptable and inadequate amount for the loss;

  d.     Attempted to delay the case past the statute of limitation by continuing Arch's investigation even two years after the loss;

  e.     Otherwise failed to maintain good faith in handling the claim.

21.     As a direct and proximate result of Arch's failure to deal fairly in the Arch insurance claim, Clarion Inn suffered damages, including:

  a.     Two years without rent;

  b.     Losing the Clarion flag because of inability of to do business;

  c.     Inadequate claim payments to restore Clarion Inn; and

  d.     Other economic losses from Arch's failure to deal fairly.

WHEREFORE, Clarion Inn requests judgment against Arch for reasonable

4

consequential damages besides the compensatory breach of contract damages, interest and costs, and all other just and proper relief.

COUNT III – BAD FAITH

22.   Clarion Inn, incorporates every allegation of Counts I and II here.

23.   Under Indiana Law, Arch is prohibited from handling insurance claims like Clarion Inn's in bad faith.

24.   After Clarion Inn's fire, Arch knowingly and intentionally engaged in bad faith, having the furtive states for intentional conduct:

   a.   Refusing to promptly inspect the loss;

   b.   Unreasonably Delaying the claim;

   c.   Refusing to complete appraisal after Arch made a payment Clarion Inn does not agree is enough, and demanded appraisal;

   d.   Continuing to investigate long after realistic investigations could have been completed.

   e.   Causing Clarion Inn to lose its Clarion flag, knowing the difficulty in regaining the flag, or Arch causing the flag's loss by Arch's bad faith.

25.   As a direct and proximate result of Arch's bad faith, Clarion Inn was damaged, including losses resulting in punitive damages for bad faith.

WHEREFORE, Clarion Inn requests judgment against Arch for compensatory damages in Count I, consequential damages in Count II, and punitive damages in Count III, interest and costs, and all other just and proper relief.

COUNT IV – PETITION FOR APPRAISAL UNDER ARCH'S POLICY
AND APPOINTMENT OF AN UMPIRE TO COMPLETE APPRAISAL

26.   Clarion Inn incorporates the allegations of Counts I, II, and III.

27.     Arch's insurance policy has an appraisal provision, attached individually from Arch's policy as Exhibit 2.

28.     Archer's policy provides appraisal when the parties disagree on the amount of the loss, like here.

29.     Clarion Inn hired Jay Hatfield as their Appraiser.  A copy of the appraisal demand is Exhibit 3.

30.     Under the policy, any Court in Indiana with jurisdiction can select an umpire familiar with fire loss insurance after the appraisal begins, as here.

31.     Clarion Inn asks the Court to name an umpire or a panel from which the parties can strike one.

WHEREFORE, Clarion Inn requests an Order appointing an Umpire to determine the amount of the loss, with a deadline to complete appraisal, for costs in suing, and for all other just and proper relief.

06122018
Date

s/Kevin W. Marshall
BY: KEVIN W. MARSHALL #11624-71
192 Bracken Parkway
Hobart, IN  46342
(219) 942-9700
kevinmarshallatlaw@comcast.net

### JURY DEMAND

Plaintiff, by counsel, requests a trial by jury.

s/Kevin W. Marshall
KEVIN W. MARSHALL

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 16, 2018, a copy of the appended document was served on counsel of record via the Court's ECF notification system, in N.D. Ind. L.R. 5-2.

s/Kevin W. Marshall