UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VIDHI, LLC, d/b/a CLARION INN, MICHIGAN CITY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARCH INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CAUSE NO. 3:18-CV-451 DRL-MGG |

<u>OPINION & ORDER</u>

Vidhi, LLC moved to set aside an insurance appraisal award. After the court's referral, Magistrate Judge Michael Gotsch recommended denying the motion. Vidhi presents two objections: the umpire was biased and the standard used by the magistrate judge to assess bias was incorrect. The court overrules both objections, adopts the recommendation, and denies the motion to set aside the appraisal award.

BACKGROUND

On June 17, 2016, a fire ignited in a restaurant kitchen. The fire spread to the Clarion Inn, a hotel attached to the restaurant and owned by Vidhi. Fire and smoke damaged the hotel building, business, and personal property. The business lost income.

Vidhi submitted claims to Arch Insurance Company. Arch provided commercial property coverage. Arch paid Vidhi the actual cash value of the building's fire damage, the actual cash value of business personalty, and lost business income. Dissatisfied with these amounts, Vidhi sued for breach of contract and bad faith.

The insurance policy establishes a process for resolving disagreements over a claim's appraised value [ECF 47-1 at 53]. After a written demand, each party selects a "competent and impartial appraiser." The two appraisers choose an umpire (who also can be appointed by the court if the

appraisers cannot agree). The appraisers independently assess the property's value and the amount of loss. When appraisers agree, their decision is binding. When they can't agree, the umpire resolves the stalemate. Arch reserves the right to deny the claim even if an appraisal occurs.

Arch chose Nick Costello of DBI Construction Consultants as its appraiser. Vidhi initially chose Jay Hatfield as its appraiser, but the magistrate judge later disqualified him. Vidhi then chose Joseph Hoffman. Mr. Costello and Mr. Hoffman couldn't agree on an umpire.

The court stepped in and ordered Vidhi to choose from one of four umpires selected by Arch's appraiser. Mr. Hoffman interviewed Raw Pawlak and selected him—a "selection . . . made under protest" [ECF 62; ECF 87-2 at 14-15]. During this interview, Mr. Hoffman asked Mr. Pawlak if they knew each other or if they worked on any past claims together [ECF 67-5 ¶¶ 9-10]. Mr. Pawlak denied both. Further, Mr. Hoffman acknowledged that he didn't know Mr. Pawlak [*id.*].

Unbeknown to either man, both worked, though at different times, on an appraisal for an unrelated matter with different parties, *Great Am. Ins. Co. of New York v. Melt Solutions, LLC*, Cause No. 1:19-CV-321 DRL-SLC. Mr. Hoffman was the defendant's appraiser; Mr. Pawlak was the plaintiff's building consultant [ECF 67-5 ¶ 21]. Mr. Hoffman was named the appraiser in May 2018, and Mr. Pawlak worked from October 2017 to January 2018 [ECF 67-4 at 8-9, 14].

After Mr. Pawlak's selection as umpire, he and the two appraisers conducted a site inspection at the hotel. The two appraisers couldn't agree on a valuation, so they submitted their materials to Mr. Pawlak (354 pages from Mr. Costello and 5 pages from Mr. Hoffman). Both appraisers had an opportunity to discuss their figures and methods. After his review, Mr. Pawlak critiqued both appraisals and ultimately agreed with Mr. Costello's calculation [ECF 65].

During discovery in *Melt Solutions*, Vidhi's counsel, who also represented Melt Solutions, discovered Mr. Pawlak's role as a building consultant for the insurer [ECF 67-2 at 4-5]. With this

2

revelation, Vidhi moved to set aside the appraisal award here. The court referred this matter to the magistrate judge who later recommended denying the motion. Vidhi objects.

## DISCUSSION

When a party disagrees with a magistrate judge's report and recommendation, Rule 72(b) requires that party to file "written, specific objections" to the magistrate judge's report. Fed. R. Civ. P. 72(b). A specific objection is an objection that "specif[ies] each issue for which review is sought." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). The district court reviews the specific objections *de novo* and other portions of the recommendation for clear error. *Id.* at 739, 741.

    A.  *Objections to Orders Other than the Report and Recommendation are Untimely.*

Vidhi first takes issue with the selection of Mr. Pawlak as the umpire, arguing that he could not be an impartial umpire because he previously worked as an insurance loss adjustor. Arch responds that this objection goes to the heart of Mr. Pawlak's selection as an umpire, the process ordered by the magistrate judge on March 27, 2020, rather than the basis for which the magistrate judge recommended denying the instant motion to set aside.

To the extent that Vidhi is objecting to the selection process ordered by the magistrate judge [ECF 60], such an objection is untimely. "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Except under exceptional circumstances, where the "ends of justice" so require, the "failure to file objections with the district judge waives the right to appeal all issues, both factual and legal." *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539-40 (7th Cir. 1986). No such circumstances are present here.

The parties in this matter could not agree on an umpire and asked the court to help resolve the impasse. Arch wanted an umpire with building and technical experience. Vidhi wanted an attorney or a judge. In his March 27, 2020 order, the magistrate judge reasoned that an umpire with a technical

3

background better suited the particular factual circumstances of this case rather than a mere attorney or judge, so the magistrate judge ordered Vidhi to choose from one of four potential umpires suggested by Arch by April 20, 2020 [ECF 60]. As a non-dispositive order, Vidhi had until April 10, 2020 to object. Fed. R. Civ. P. 72(a). Instead, on April 4, 2020, Vidhi chose Mr. Pawlak [ECF 61]. This particular issue isn't timely presented today.

B. *Vidhi Hasn't Provided Objective Evidence Indicating that Mr. Pawlak Was Biased.*

Regardless of the method of selection, Vidhi asks for the appraisal award to be set aside because of the alleged later-discovered bias of Mr. Pawlak. Mr. Pawlak's background in insurance, according to Vidhi, makes him inherently partial.

A court will only overturn an appraisal award if it is "tainted with fraud, collusion or partiality" and thus "an appraisal is binding unless it can be shown that the appraisal is infected with unfairness or injustice." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 874-75 (7th Cir. 2000) (citing *Atlas Constr. Co. v. Indiana Ins. Co.*, 309 N.E.2d 810, 813 (Ind. Ct. App. 1974)); *see also Phila. Indem. Ins. Co. v. We Pebble Point, LLC*, 2016 U.S. Dist. LEXIS 160104, 14-16 (S.D. Ind. Nov. 18, 2016) (listing previously undisclosed relationships, *ex parte* emails, exclusion of expert reports and testimony, insufficiency of site inspection, and awarded amount as non-dispositive factors that can cumulatively established the existence of fraud, collusion, or bias).

"It is certainly essential, in order to render a person competent as an arbitrator in a disputed matter, that he be disinterested, and also impartial." *Farmers' Conservative Mut. Ins. Co. v. Neddo*, 40 N.E.2d 401, 407-08 (1942). "While prior service of an appraiser does not disqualify him as a matter of law," the fact that an appraiser was previously employed by either party "may properly be considered in determining whether he is disinterested." *Id.* at 408. An appraiser who was previously employed by a party, "together with other circumstances, may disqualify" him or her from serving as an independent appraiser. *Id.*

4

Vidhi argues that Mr. Pawlak's past involvement in the insurance field generally, and in *Melt Solutions* specifically, demonstrates that he cannot be impartial. *See Neddo*, 40 N.E.2d at 408 (district court did not err when the issue of impartiality went to the jury). Mr. Pawlak's background is impressive. He has over 25 years of experience adjusting and evaluating large and complex commercial property claims around the world [ECF 70-1 ¶ 6]. He has served as an umpire in over 100 appraisal proceedings between insurance companies and policyholders [ECF 70-1 ¶ 6]. Before Vidhi selected Mr. Pawlak as an umpire, it had access to his credentials and conducted an interview in which his employment history and qualifications were addressed [ECF 70-1 ¶¶ 11-12; ECF 87-2 at 13-15]. These events provided Vidhi with ample opportunity during the pre-selection process to explore the nature and history of Mr. Pawlak's work, including for insurers, and to scope for any potential bias.

Vidhi, despite demonstrating Mr. Pawlak's past employment history was easily discoverable online, raises the concern of insurance-industry bias only after the ink was dry on the appraisal award. That said, Mr. Pawlak's past work in the insurance industry alone, particularly in light of his extensive experience as an umpire, does not provide objective evidence that he was biased or partial in this case. *See Jupiter Aluminum*, 225 F.3d at 873, 876; *Neddo*, 40 N.E.2d at 408 (the specific circumstances of employment demonstrate bias).

Vidhi further contends that Mr. Pawlak was biased because of his past involvement in *Melt Solutions*—a separate matter with different parties. There are two commonalities between *Melt Solutions* and this case—Vidhi's counsel appeared in both, and Mr. Pawlak and Mr. Hoffman had some role in the matter—but these scant commonalities end there. Vidhi hasn't presented any evidence that Mr. Pawlak's and Mr. Hoffman's work on *Melt Solutions* overlapped, or indeed that the two men even knew each other. To the contrary, they both assert they were ignorant of each other before Mr. Pawlak's selection [ECF 67-5 ¶ 9]—an unsurprising fact when their work hadn't crossed paths.

As aptly noted by the magistrate judge, their roles in *Melt Solutions* aren't comparable to their roles here. They were not appraiser-to-appraiser or even umpire-to-appraiser [ECF 67-5 ¶¶ 10, 21]; Mr. Hoffman was an appraiser, yes, but Mr. Pawlak was a building consultant whose work on the project ended before Mr. Hoffman's ever began [ECF 70-1 ¶¶ 33-35]. As there is no evidence that their paths even crossed during *Melt Solutions*, let alone seeded bias in Mr. Pawlak, Vidhi has not demonstrated that this prior employment, on a different matter with different parties, impacts Mr. Pawlak's impartiality in his umpire role here. The magistrate judge smartly addressed this issue in his recommendation and reached the right conclusion.

    C.  *There Was No Double Standard.*

Vidhi last objects to the standard used by the magistrate judge to assess Mr. Pawlak's impartiality in light of his work in *Melt Solutions*. Vidhi argues that the magistrate judge applied one standard to disqualify its first proposed appraiser, Mr. Hatfield, but then a different standard by not setting aside the appraisal award because of Mr. Pawlak's past employment experience. The argument, though rather opaque, is that failing to exclude Mr. Pawlak despite excluding Mr. Hatfield held Vidhi to a different standard than Arch. Vidhi correctly notes that the magistrate judge applied the same legal standard to both men, assessing impartiality under Indiana law, *see Neddo,* 40 N.E.2d at 408, and instead really just takes issue with the outcome of the magistrate judge's assessment.

Vidhi's double standard misses the key distinction between Mr. Hatfield and Mr. Pawlak. Mr. Hatfield worked for two years on this case for Vidhi. When Vidhi proposed Mr. Hatfield as an appraiser in 2019, Arch moved to disqualify because Mr. Hatfield's job was to advocate for Vidhi's interests against Arch and only transitioned away from this role to become an independent appraiser on Vidhi's behalf [ECF 51 at 4-6]. Despite Vidhi's contentions to the contrary, the magistrate judge wasn't persuaded that Mr. Hatfield could be impartial, highlighting his prior experience as a public adjustor advocating on behalf of Vidhi against Arch in this case [*id.* at 7]. The magistrate judge aptly

6

likened it to "a new judge not recusing himself from a case in which [he] previously advocated for one of the parties in the same case before taking the bench" [*id.* at 8]. The court sees no issue with this reasoning.

Unlike Mr. Hatfield, Mr. Pawlak lacked the web of contemporaneous employment ties to Arch. Vidhi would have the court call this scenario a comparison of fruit to fruit, but on close review it compares apples and oranges. Vidhi hasn't demonstrated that Mr. Pawlak's work on *Melt Solutions* was material or relevant to his ability to serve as an impartial umpire between Vidhi and Arch. The circumstances of Mr. Pawlak's insurance experience, even his work in *Melt Solutions*, were separate from his role as an umpire here. His prior work doesn't raise a suspicion of impartiality or bias so as to compel the court to set aside the appraisal award. *See Jupiter Aluminum*, 225 F.3d at 874-75 ("When, however, the award is uninfected with such unfairness or injustice, it is not to be set aside and replaced by the subjective judgment of a reviewing court.") (quoting *Atlas*, 309 N.E.2d at 813).

An objection under Fed. R. Civ. P. 72(b) is not a general opportunity to relitigate a matter that didn't go the objecting party's way. Instead, it is a *de novo* review of the specific conclusions to which a party objects. Based on the court's *de novo* review, Mr. Pawlak's past work as an insurance loss adjustor and his experience in *Melt Solutions* don't present an undercurrent of fraud, impartiality, or bias in the appraisal process here. Therefore, the appraisal award must stand.

D.  *The Court Adopts the Remaining Recommendations of the Magistrate Judge's Report.*

The court reviews other conclusions of a magistrate judge's recommendation for clear error. *Johnson*, 170 F.3d at 739. The court will disturb these conclusions only if it "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Having reviewed the magistrate judge's conclusions on other subjects, the court is left with no such definite and firm conviction of a mistake. It was a thoughtful and reasoned recommendation. The report and recommendation is adopted in full.

CONCLUSION

The court OVERRULES Vidhi's objections [ECF 85], ADOPTS the magistrate judge's report and recommendation [ECF 79], and DENIES Vidhi's motion to set aside the appraisal award [ECF 67].

SO ORDERED.

August 24, 2021

*s/ Damon R. Leichty*
Judge, United States District Court